# APPENDIX  A

|  |  |
|---|---|
| 5K1.1/Rule 35(b) | ___ |
| Appeal Waiver | ___ |
| Mandatory Minimum | __X__ |
| Other | ___ |
| DOJ Approval | __X__ |

## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR 403-01** |
| | ) | |
| **MEIER JASON BROWN** | ) | |

### SUMMARY OF (CONDITIONAL) PLEA AGREEMENT

*This summary of the plea agreement is a part of the agreement, which follows in full hereafter.*

### COUNSEL FOR THE PARTIES:

DEFENSE COUNSEL:              WILLIAM G. BELL, ESQ.
                             RICHARD A. DARDEN, ESQ.

ASSISTANT U.S. ATTORNEYS:     WILLIAM FRENTZEN
                             JOSEPH D. NEWMAN

### COUNTS AND STATUTES CHARGED:

COUNT 1                      18 U.S.C. § 1111
                             MURDER

COUNT 2:                     18 U.S.C. § 1114
                             MURDER

COUNT 3:                     18 U.S.C. § 2114
                             ROBBERY

MB

## COUNTS AND STATUTES PLEADING TO:

| | |
|---|---|
| COUNT 1 | 18 U.S.C. § 1111<br>MURDER |
| COUNT 2: | 18 U.S.C. § 1114<br>MURDER |
| COUNT 3: | 18 U.S.C. § 2114<br>ROBBERY |

## STATUTORY MAXIMUM PENALTIES:

### 18 U.S.C. § 1111

Death or imprisonment for life, a $250,000 fine, and up to five (5) years of supervised release, plus a $100.00 assessment.

### 18 U.S.C. § 1114

Death or imprisonment for life, a $250,000 fine, and up to five (5) years of supervised release, plus a $100.00 assessment.

### 18 U.S.C. § 2114

Imprisonment not more than 25 years, a $250,000 fine, and up to five (5) years of supervised release, plus a $100.00 assessment.

## ELEMENTS OF THE OFFENSE

### 18 U.S.C. 1111 (*Murder within federal Jurisdiction*)

First:    That the victim named in the indictment is dead;

Second:    That the Defendant caused the death of the victim with "malice aforethought," as charged;

Third:    That the Defendant did so while during the knowing and willful perpetration or attempted perpetration of a robbery; and

2

| | |
|---|---|
| Fourth: | That the killing occurred within the territorial jurisdiction of the United States. |

**18 U.S.C. 1114**     *(Murder of Federal Employee)*

| | |
|---|---|
| First: | That the victim named in the indictment is dead; |
| Second: | That the victim was an employee of the United States and of the United States Postal Service; |
| Third: | That the victim was engaged in the performance of her official duties; and |
| Fourth: | That the Defendant killed the victim during a knowing and wilful perpetration or attempted perpetration of a robbery of the United States Postal Service. |

**18 U.S.C. 2114**     *(Robbery of Federal Property)*

| | |
|---|---|
| First: | That the Defendant intentionally took from the person or the presence of the person described in the indictment, money and property of the United States; |
| Second | That the Defendant assaulted and put in jeopardy the life of some person by the use of a dangerous weapon or device while engaged in taking the property or money, as charged; and |
| Third: | That the defendant did such acts intentionally. |

## SUMMARY OF GOVERNMENT'S PROMISES:

- Will submit this agreement to the Department of Justice and Attorney General for review and approval of its terms, including that the government waive intent to seek death sentence in light of plea agreement and defendant's agreement to enter guilty pleas.

- Represents that a life sentence is the appropriate sentence on Counts One and Two.

- Retains the right to inform the Court of all matters concerning the defendant and the offenses.

## SUMMARY OF DEFENDANT'S PROMISES:

- Will plead guilty to Counts One through Three following approval from Department of Justice for waiver of death sentence.

- Acknowledges that a life sentence on Counts One and Two is the appropriate sentence.

2

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 403-01 |
| | ) | |
| MEIER JASON BROWN | ) | |

## (CONDITIONAL) PLEA AGREEMENT

William Frentzen and Joseph D. Newman, Assistant United States Attorneys, and William G. Bell and Richard A. Darden, attorneys for Defendant Meier Jason Brown, pursuant to Federal Rules of Criminal Procedure 11, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the above-styled action and a plea agreement has been reached by said parties in the following respects:

## 1.    OBLIGATIONS OF THE GOVERNMENT

In exchange for the defendant's entry of pleas of guilty to the offenses charged in Counts One through Three of the Indictment, his full compliance with all promises made hereinafter as part of this agreement, and his adherence to all representations and understandings recited hereinafter, the United States Attorney's Office for the Southern District of Georgia:

A.    Will submit this agreement to the Department of Justice and the Attorney General of the United States for review and approval of its terms, including



the proposal that the government waive seeking a death sentence in light of this plea agreement and Defendant's agreement to enter guilty pleas. The Defendant understands that the United States Attorney's Office for the Southern District of Georgia cannot bind the Department of Justice's ultimate decision regarding whether to seek the death penalty in this case and that, if the Department of Justice authorizes seeking a death sentence and rejects the plea agreement, this agreement would become a nullity.

B.    Following any approval of this agreement by the Attorney General, would represent that a life sentence is the appropriate sentence on Counts 1 and 2.

C.    Retains the right to inform the Court of all matters concerning the defendant and the offenses.

2.    **OBLIGATIONS OF THE DEFENDANT**

A.    The Defendant is required to plead guilty to Counts One through Three of the Indictment and to pay any special assessments, fines, and restitution as provided by law and ordered by the Court. If, however, the Department of Justice and Attorney General authorize seeking a death sentence and do not waive seeking such a sentence in light of the plea agreement, then this agreement would become a nullity and Defendant would not be required to enter guilty pleas.

B.    The defendant is required to pay any special assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of

2

M B

sentencing. The defendant agrees that if a fine and/or restitution is imposed by the Court, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant understands that, by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

C. **SPECIAL PROVISION**

THE DEFENDANT ACKNOWLEDGES AND UNDERSTANDS:

That this agreement is contingent upon the United States Attorney's Office obtaining the Attorney General's approval of the agreement. That the United States Attorney's Office is required to submit a DEATH PENALTY MEMORANDUM to the Department of Justice, and that the decision whether to seek a death sentence rests exclusively with the Attorney General of the United States. Should the Attorney General decide to reject the plea offer and seek a death sentence, then this agreement would be null and void.

3. **DEFENDANT'S FACTUAL REPRESENTATIONS TO THE COURT**

A. The defendant understands that the Indictment charges that he committed certain offenses against the United States and that his pleas of guilty will constitute proof as to the counts covered hereunder. The defendant agrees to the truthfulness and accuracy of the following facts which relate to Counts One through Three of the Indictment:

**COUNT ONE (18 U.S.C. § 1111, Murder within Federal Jurisdiction)**

3



On or about November 30, 2002, in Liberty County, within the Southern District of Georgia, in the United States Post Office, Fleming, Georgia, a place within the special territorial jurisdiction of the United States, the defendant Meier Jason Brown with malice aforethought, did unlawfully kill Sallie Louise Gaglia by stabbing, in the knowing and willful perpetration of a robbery of said Post Office, all done in violation of Title 18, United States Code, Sections 7(3) and 1111 (a) and (b).

**COUNT TWO (18 U.S.C. § 1114, Murder of Federal Employee)**

On or about November 30, 2002, in Liberty County, within the Southern District of Georgia, the defendant Meier Jason Brown with malice aforethought, did unlawfully kill Sallie Louise Gaglia, United States Postal Service Postmaster Relief, an employee of the United States and of the United States Postal Service, while she was engaged in the performance of her official duties, by stabbing, in the knowing and willful perpetration of a robbery of the United States Post Office, Fleming, Georgia, all done in violation of Title 18, United States Code, Sections 1114 and 1111(a).

**COUNT THREE (18 U.S.C. § 2114, Robbery of Federal Property)**

On or about November 30, 2002, in Liberty County, within the Southern District of Georgia, the defendant, Meier Jason Brown, knowingly and willfully, did assault United States Postmaster Relief Sallie Louise Gaglia, a person having lawful charge, custody and control of United States mail matter, money, and other property of the United States, with intent to rob,

4

steal and purloin money and property of the United States, that is, three United States Postal Money Orders in the amounts of $500, $500, and $175, and in effecting such robbery did wound Ms. Sallie Louise Gaglia, and did place in jeopardy the life of Ms. Sallie Louise Gaglia through the use of a dangerous weapon, that is, a knife, all done in violation of Title 18, United States Code, Section 2114(a).

B. The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty pleas, the defendant has no absolute right to withdraw the pleas. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentences: life imprisonment.

C. The defendant further advises the Court that the defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court and that, in so-doing, the Probation Office will consider all of defendant's conduct related to the offense to which he is pleading as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the Probation Office and the Court may differ from that estimated or projected by the defendant's counsel or the United States Attorney.

D. The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be

5



more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw his guilty pleas.

## 5.    DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT

A.    The defendant represents to the Court that the defendant has had the services of attorneys the defendant believes to be competent; that the defendant has met with said attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorneys and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorneys have discussed possible defenses, if any, to the charge in the Indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoenas, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this agreement, and has entered this agreement as a matter of the defendant's free and voluntary choice and not as a result of pressure or intimidation by any person.

6



B.    The defendant further represents to the Court that the plea agreement as set forth herein and the pleas to be entered by the defendant is the result of prior discussions between the attorneys for the government and the attorneys for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this plea agreement is completely set forth in writing in this document.

C.    The defendant represents to the Court that the defendant has been advised of the nature of the charges to which the pleas of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering pleas of guilty the defendant gives up all of the rights set out in paragraph "A" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering pleas of guilty, the Court will ask questions about the offenses to which the pleas are entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

7

This 24th day of January, 2003.

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

William Frentzen
Assistant United States Attorney
Louisiana Bar No. 24421

Joseph D. Newman
Assistant United States Attorney
Chief, Criminal Section
Georgia Bar No. 541150

_____
William G. Bell
Attorney for the Defendant

_____
Richard A. Darden
Attorney for the Defendant

1-24-03
Date

1-24-03
Date

I have read the foregoing plea agreement, consisting of nine pages, and understand what it says and means. By my signature hereunder, I swear or affirm under penalty of perjury that the matters and facts set forth therein are true and accurately state the representations that have been made to me my by attorneys and government agents and/or prosecutors and accurately set forth the terms of the plea agreement that has been reached by my

8

attorneys on my behalf and with my permission.  I hereby freely and voluntarily enter into

this plea agreement.

MEIER JASON BROWN
Defendant

_01-24-03_
Date

9