# APPENDIX  B

## DECLARATION OF KEVIN McNALLY REGARDING THE GENDER AND RACE OF VICTIMS IN FEDERAL CAPITAL PROSECUTIONS SINCE 2000

1. I currently serve as the Director of the Federal Death Penalty Resource Counsel Project [FDPRC], assisting court-appointed and defender attorneys charged with the defense of capital cases in the federal courts. I have served as Resource Counsel since the inception of the Resource Counsel Project in January, 1992. The Project is funded and administered under the Criminal Justice Act by the Office of Defender Services of the Administrative Office of the United States Courts.

2. The responsibilities of the FDPRC include the monitoring of federal capital prosecutions throughout the United States, in order to ensure the delivery of cost-effective and adequate defense services to indigent capital defendants in such cases.[1] This includes the collection of data on the utilization of the federal death penalty, both as to prosecutions brought under the 1988 so-called "Drug Kingpin" death penalty statute, 21 U.S.C. § 848(e) *et seq.,* and those brought pursuant to the "Federal Death Penalty Act of 1994." 18 U.S.C. §3591 *et seq.*

3. In order to carry out our responsibilities, the FDPRC maintains a comprehensive list of all federal death penalty prosecutions and information regarding each defendant. FDPRC accomplish this by reviewing dockets and downloading and obtaining indictments, pleadings of substance, notices of intent to seek or not seek the death penalty, and by telephonic or in-person interviews with defense counsel or consultation with chambers. This information is regularly updated, and is checked for accuracy whenever possible against any

---

[1] In May 1998, the role of the Federal Death Penalty Resource Counsel Project was described, at pp. 28-30, in a report prepared by a Judicial Conference Subcommittee on Federal Death Penalty Cases. That report (commonly called the Spencer Committee Report) "urge[d] the judiciary and counsel to maximize the benefits of the Federal Death Penalty Resource Counsel Project . . . which has become essential to the delivery of high quality, cost-effective representation in death penalty cases . . . ." *See* "Federal Death Penalty Cases: Recommendations Concerning the Cost and Quality of Defense Representation," (May 1998), at p. 50. The Report is available online at http://www.uscourts.gov/dpenalty/. The Report's recommendations were later adopted by the Judicial Conference of the United States.

1

available United States government information regarding federal capital prosecutions and/or with defense counsel in those cases. The Project's information regarding practices in federal capital prosecutions has been relied upon by the Administrative Office of the United States Courts, by the Federal Judicial Center and by various federal district courts. I have been asked by counsel for Meier Jason Brown to provide information to the Court regarding certain of the data that the Project has collected, specifically concerning race and gender of victims.

4. Attorney General Gonzales reviewed 409 potential capital defendants. In those cases, there were 19 prosecutions involving white female victims. Of those 19 cases, 10 defendants (53%) were "authorized" or selected by the Attorney General to face the death penalty. Of those 409 defendants, there were 67 cases involving white male victims. Of those 67 cases, 19 defendants (28%), were chosen to face the death penalty. Of those 409 defendants, there were 323 cases involving non-white victims. Of those 323 cases, 52 defendants (16%) were authorized to face the death penalty.

5. Attorney General Ashcroft reviewed 626 potential capital defendants. However, three cases involved no homicide victims, as espionage or large scale drug trafficking was alleged. Of those 623 cases, there were 59 cases involving white female victims. Of those 59, 34 (58%) defendants were selected for a death penalty prosecution. Of those 623 cases, there were 105 prosecutions involving white male victims. Of those 105 prosecutions, 18 defendants (17%) were authorized. Of those 623 cases, there were 459 prosecutions involving non-white victims. Of those 459 prosecutions, 86 defendants (19%) were chosen to face the death penalty.

6. Eighty-seven defendants "authorized" to face the death penalty by Attorney General Ashcroft, as of December 5, 2007, had completed trial. Of those 87 defendants, 25 prosecutions involved white female homicide victims. 15 of those 25 (60%) white female victim prosecutions resulted in a death sentence. 30% (3 of 10) white male victims cases resulted in a death sentence. 51 non-white victim prosecutions, as of

December 5, 2007, had completed trial. Five (10%) of these 51 non-white victims resulted in a death sentence.

7. As of December 5, 2007, thirty-one defendants "authorized" to face the death penalty by Attorney General Gonzales had completed trial. Of those, 5 prosecutions involved white female victims. Juries sentenced 4 of those 5 defendants to death. Seven prosecutions involved white male victims. Two (29%) of those 7 defendants have been sentenced to a death sentence. 19 non-white victim cases completed trial. Three (16%) of those 19 defendants have been sentenced to death.

8. As of December 5, 2007, the totals for Attorney General Ashcroft and Attorney General Gonzales were as follows:

Gonzales authorized - 81
52    Black, Hispanic and other victims
19    White male victims
10    White female victims

Gonzales not authorized - 328
271    Black, Hispanic and other victims
48    White male victims
9    White female victims

Ashcroft Authorized - 139
86    Black, Hispanic and other victims
18    White male victims
34    White female victims
1    No victim

Ashcroft not authorized - 487
373    Black, Hispanic and other victims
87    White male victims
25    White female victims
2    No victim

9. I attach three graphs depicting this information.

10. The victim gender data has not been available before.

11. The information detailed herein is maintained in the ordinary course of business of the Federal Death Penalty Resource Counsel Project and is accurate, as of December 5, 2007, to the best of my knowledge, ability and belief.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of July, 2008.

Kevin McNally

3

PERCENTAGE OF SELECTION FOR A DEATH PENALTY TRIAL BY
ATTORNEY GENERAL BY RACE AND GENDER OF VICTIM SINCE 2000 –
12/5/07



138 of 782        37 of 172        44 of 78



PERCENTAGE OF DEATH SENTENCES BY A JURY BY RACE
AND GENDER OF VICTIM SINCE 2000 – 12/5/07

PERCENTAGE OF WHITE FEMALE VICTIM CASES
SINCE 2000 – (1/20/01 to 12/5/07)



Pool 78 of 1035 / Authorized 44 of 220 / Trial 31 of 119 / Pre 2000 Death Row 7
of 29 / Post 2000 Death Row 19 of 32