# APPENDIX  C

**AFFIDAVIT OF SARA FLYNN, MSW**

State of Florida
County of Duval

Comes now the undersigned who makes the following statement, under oath, and before the undersigned Notary Public who is authorized by law to hear and accept oaths and based upon his/her own personal knowledge of the facts averred herein states as follows:

1. My name is Sara Flynn. My post office address is 5513 Roosevelt Blvd., #204, Jacksonville, FL 32244. In 1991, I received a Bachelor of Science degree in Psychology from the University of North Carolina at Chapel Hill. In 1998, I completed a Master's degree in Social Work from the University of North Carolina at Chapel Hill.

2. I have been working as a Mitigation Specialist since 1997.

3. Jeffrey Ertel, post-conviction attorney for Meier Jason Brown, asked me to perform the function of mitigation specialist in Mr. Brown's case and to investigate and document his background and social history. To that end, I have obtained copies of socially historical records; I have interviewed numerous witnesses; and I have visited the Morgan property on numerous occasions.

4 When I initially interviewed Mr. Brown's family on 09/06/07, his cousin, Connie Williams, said Meier had never been on medication a day in his life. She said that Meier's brother, Ralton Brown, was on Ritalin when he was in school, not Meier.

5. When I interviewed Ralton Brown on 09/24/07, he said he was diagnosed with ADHD in 3rd or 4th grade. He took Ritalin twice daily – once at home in the morning before he went to school and once during the school day.

6. In an interview with Vanessa Montgomery Parker on 10/12/07, she stated that she currently works for the Liberty County Board of Education as a school social worker but she was a teacher until 1992. She calls Meier Brown "Jason." Over the course of the interview she realized and acknowledged that she had testified incorrectly at the sentencing in this case. The testimony that she gave about Meier being angry, taking medication, and going to alternative school was actually about Ralton, not Meier.

7. Ms. Parker said she met Ralton Brown at the "LEAD School" - Liberty Educational Alternative Division (an alternative school for kids having disciplinary and behavioral problems in the Liberty County school system). He got there through a tribunal. He would have committed several infractions and a disciplinary board would have referred him. (Records would be at the records retention center). She said that Ralton, not Meier, had behavioral problems and showed anger.

8. She had never met Meier's defense attorneys until she appeared in court on the day of the sentencing. She had spoken with Mr. Bell on the phone. She did not review

Meier's school transcript or do anything to verify her recollections of Meier before testifying.

Further affiant sayeth naught.


_Sara Flynn, MSW_                                    7-21-08
Sara Flynn, MSW                                      Date

Sworn to me, this the
21 day of July, 2008.



NOTARY PUBLIC

NOTARY PUBLIC-STATE OF FLORIDA
James M. Lane
Commission # DD491779
Expires: NOV. 17, 2009
Bonded Thru Atlantic Bonding Co., Inc.