UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MEIER JASON BROWN,               )
                                 )
        Petitioner,              )
                                 )
vs.                              )       No. CV407-085
                                 )       Underlying CR403-001
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO BROWN'S MOTION FOR NEW TRIAL AND/OR
TO ALTER OR AMEND JUDGMENT**

COMES NOW the United States of America, by and through Edmund A.

Booth, Jr., United States Attorney for the Southern District of Georgia, and

responds to Meier Jason Brown's Motion for New Trial and/or Motion to Alter or

Amend Judgment by stating the following:

1.      The Government notes from the outset that this capital case has been

appropriately given the closest scrutiny and most careful review.  On direct appeal,

the Eleventh Circuit Court of Appeals exhaustively considered all claims of error,

finding none meritorious.  United States v. Brown, 441 F.3d 1330 (11th Cir. 2006)

1

The United States Supreme Court denied certiorari, 127 S. Ct. 1149 (2007).

2.      This collateral challenge followed and resulted in this Court's issuance of a 25 page, meticulously detailed order denying the 2255 motion and the request for an evidentiary hearing.  2008 WL 4411173 (S.D. Ga., Sep. 29, 2008)(No. 403CR001, 407CV085).

3.      That judgment and order prompted movant's counsel to file a 20 page motion purportedly supported by four separate affidavits.

4.      As this Court noted at the outset [order of September 29, 2008 (hereafter "9/29/08 Order")] at page 2, no evidentiary hearing will conducted if it can be conclusively determined that the prisoner is not entitled to relief.  28 U.S.C. §2255; Anderson v. United States, 948 F.2d 704, 706 (11th Cir. 1991).

5.      Returning to the Motion for New Trial, Brown's first challenge is to the Federal Death Penalty Act (FDPA) in that it is claimed that it results in discriminatory and arbitrary imposition of the death penalty.  (Motion, p. 2) Movant offers a 12 page affidavit of Lauren Cohen Bell, Ph.D., Associate Professor of Political Science and Associate Dean of Randolph-Macon College in Virginia.  Her "quantitative analysis" of federal capital prosecutions involved

white female victims versus other victims.  Associate Professor Bell concluded that there was a statistically significant higher rate of imposition of the death sentence in such murder cases (of white female victims as compared with victims who are other than white female victims).  Her analysis of federal capital cases showed that if the murder victim was a white female, a death sentence resulted in 32.9% of cases whereas the percentage of other victim cases was 10.9%.

6.    The Government considers this information of little real use to the Court because the most salient fact concerning victim Sallie Gaglia's demographics was not that she was a white female, but that she was a federal employee brutally stabbed to death while in the performance of her federal work duties.  Additionally, she was the mother (or gender-neutral, parent) of two sons, ages 17 and 21.  Certainly, the fact that Meier Jason Brown orphaned those two young men had a very significant role in the jury's decision to impose the maximum penalty.  As the Court has already noted (9/29/08 Order, pp. 15-16) movant's argument and contention in this regard is completely without merit. Parenthetically, the fact that the Attorney General of the United States made the final decision to seek the death penalty, overruling the United States Attorney and his Assistants, suggests that the local prosecuting office was not improperly or

impermissibly motivated.

7.      Movant next launches a challenge based on the monetary expenditures by the defense.  In support, they attached a report of Jon B. Gould and Lisa Greenman.  This report noted that in federal capital cases between 1998 and 2004 where defense costs were below $320,000 - the lowest one-third of federal capital trials - the death penalty was imposed in 44% of the cases.  This compared with a death sentence percentage of 19% in the remaining two thirds of defendants.  Movant then posits that the total amount of funds provided for the defense of the case was $162,825.00.  Of that, $144,421.00 was for the two counsel and $18,403 was for expert costs.  (9/29/2008 Order, p. 15) Movant contends that the costs of the defense were an "utterly arbitrary fact."  (Motion, p. 10) This Court properly summarily dismissed this ground, noting that Brown never identified what expert witnesses he wished to call or what additional time trial counsel wanted to spend in pretrial preparation but funding shortfall precluded that.  (9/29/2008 Order, p. 16)

8.      Movant Brown next challenges this Court's denial of an evidentiary hearing.  Movant impliedly concedes that the Court cited the appropriate

4

controlling authorities.  (Motion, pp. 11-12 and n. 8; 9/29/2008 Order, pp. 2-12)

In this regard, the requested evidentiary hearing would have concerned the

allegation of ineffective assistance of counsel.  The district court's order set forth

the governing standard: Was counsel's performance deficient and if so, did it

prejudice the defense to the point where the outcome would have otherwise have

been different?  Williams, Jr. v. Allen, _____ F.3d _____ , 2008 WL 4224720 at *15

(11th Cir. Sep. 17, 2008).  The standard articulated in the Newland v. Hall case,

527 F.3d 1162, 1184 (11th Cir. 2008) phrased the issue slightly differently,

whether there is a reasonable probability that absent the errors, the jury would

have concluded that the balance of aggravating to mitigating circumstances did not

warrant death.  Newland v. Hall, 527 F.3d at 1184; Alderman v. Terry, 468 F.3d

775, 795 (11th Cir. 2006) (standing for proposition that even if defense counsel

did not present all life history evidence possible, defendant could not show

prejudice).

   With regard to Brown's argument that the mitigating evidence was not

properly presented by trial counsel, the trial court noted that many of the

inferences that a jury could have made of matters Brown's latest counsel proffers

could as well be resolved adversely to Brown.  Furthermore, Brown cites <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003) for the proposition that the mitigation and life history evidence adduced by trial counsel Darden and Bell was constitutionally inadequate.  The distinguishing critical fact is that in <u>Wiggins v. Smith</u>, trial counsel presented NO life history evidence although there was a treasure trove of it.  <u>Wiggins</u>, 539 U.S. at 516 (defendant had been repeatedly sexually assaulted in a succession of foster homes).  Accordingly, reliance on <u>Wiggins</u> by Brown is misplaced.

9.    Turning to the juror voir dire matter, that of juror Rentz, the Government proffered that notes contemporaneously kept by one of the government's trial counsel (the undersigned) show that juror Rentz was in fact the recipient of individual voir dire and therefore <u>Witherspoon</u> qualified.  The clerical error of a court reporter should not be allowed, especially on a collateral, post-direct appeal, to vitiate or erase a conviction that had received the closest scrutiny on direct appeal review by the United States Court of Appeals for the Eleventh Circuit, and where certiorari has been denied by the Supreme Court.  <u>Holt v. United States</u>, 303 F.2d 791, 793 (8th Cir. 1962); <u>Marsh v. United States</u>, 435 F.Supp. 426, 430 (8th Cir. 1976); <u>DeLuca v. United States</u>, 243 F.Supp. 982, 985,

(E.D. Mo. 2003)

For all of the above reasons and authorities, the Court should deny Brown's

Motion for New Trial and/or To Alter or Amend Judgment.

Respectfully submitted this 29th day of October, 2008.

EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY

s/ Joseph D. Newman

_____

Joseph D. Newman
Assistant United States Attorney
Georgia Bar No. 541150
United States Attorney's Office
Post Office Box 8970
Savannah, Georgia  31412
(912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 29th of October, 2008.

EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY

s/ Joseph D. Newman

_____
Joseph D. Newman
Assistant United States Attorney
Georgia Bar No. 541150
United States Attorney's Office
Post Office Box 8970
Savannah, Georgia  31412
(912) 652-4422